In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by JESSE S. PHILLIPS, as Superintendent of Insurance, for an Order to Take Possession of the Property and Liquidate the Business of the CASUALTY COMPANY OF AMERICA, Appellant.

In the Matter of the Claim of E. W. BLISS COMPANY, Surety Claim No. 383, Respondent.

First Department, January 13, 1928.

Guaranty and suretyship — claim against guaranty company on bond — claimant had contract with principal whereby latter agreed to machine-finish Russian shrapnel forgings — bond was given to secure performance of that contract — cancellation or modification of contract not shown by evidence — evidence of loss of profits admissible since principal knew that contract was to enable claimant to perform another contract — not error to exclude evidence with respect to commercial character of shells.

The claimant seeks to recover upon a bond issued by an insurance company to secure the performance of a contract made between the plaintiff and the principal of the insurance company. The contract provided that the principal would machine-finish a large number of Russian shrapnel forgings which were to be furnished by the claimant. The contract also stipulated that any forgings found defective would be replaced by the claimant.

The contention on the part of the insurance company that the contract was canceled is not sustained by the evidence. While it appears that the principal did not live up to the contract fully, and that the claimant wrote the insurance company that its principal would be given a week to finish shells on hand, and that the claimant would not accept any further work, and while it appears that the claimant wrote a similar letter to the principal, still none of the parties acted upon the letters but thereafter continued to perform the contract, and some time later the claimant advised the insurance company that the contract was being performed. Furthermore, the objection that the contract was canceled was not raised when the claim was rejected and only appeared on the trial. The actual occurrence was that the claimant permitted the principal, which it claimed was in default, to reduce damages by continuing to finish the shells.

The contention that there was a modification of the contract and that the insurance company was thereby released is not supported by evidence to the effect that the claimant permitted the principal to anneal the forgings. This permission amounted to nothing more than a statement to the principal that it might machine the forgings in any way it chose providing it lived up to its contract.

The bond which stipulated that the principal " shall well and truly machine-finish " the shrapnel shells, covers damages based on the value of forgings which were not returned, the failure to repay the advance payment by performance of work, and loss of profit.

It was not error to exclude evidence that the shrapnel shells had a market value, for the measure of damages in this case was loss of profits in view of the fact that the principal knew that its contract was entered into to enable the claimant to perform a contract into which it was about to enter with a third person.

The principal could not retain forgings without complaint and then urge as an excuse, for not machine-finishing those forgings, that they were not of the quality called for in the contract, for the contract stipulated that if any forgings were improperly made, they should be returned and that the principal would replace them by proper forgings.

The contention that the forgings were not machinable fails in the face of the admitted fact that the principal did partially machine practically all of them. The difficulty seems to have been that, while the principal could finish the forgings, it was unable to groove and finish-turn them satisfactorily.

MARTIN, J., dissents, with memorandum.

APPEAL by the petitioner from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 24th day of September, 1925.

*Charles B. McLaughlin* of counsel [*Clarence C. Fowler*, attorney], for the appellant.

*George W. Field* of counsel [*Platt, Field, Taylor & Patterson*, attorneys], for the respondent.

PROSKAUER, J.   The E. W. Bliss Company entered into a contract with the Santo Company, by which the latter agreed to machine-finish a large number of three-inch Russian shrapnel forgings.   The Bliss Company was to furnish the forgings in accordance with its own specifications, and it was understood that they should be of steel that would yield " tensile strength not less than 125,000 lbs. per sq. in., Elastic limit not less than 82,000 lbs. per sq. in., Elongation 2 inches not less than 10%." Any forgings found defective were to be replaced by the Bliss Company.   To secure the performance of the contract by the Santo Company, the Casualty Company of America gave a bond for the sum of $50,000 conditioned " that if the said principal shall well and truly machine-finish said 150,000 3″ Russian Shrapnel Bodies, according to the terms of their agreement, as shown by said letters, then this obligation to be void; otherwise to remain in full force and effect."

This appeal is by the Superintendent of Insurance, as liquidator of the Casualty Company of America, from an award to the Bliss Company of the full amount of this bond.

20

First Department, January, 1928.                    [Vol. 222

The first defense urged was the release of the surety by an unconditional cancellation of the contract. There was, however, no cancellation by agreement and no effective rescission. The time for performance was extended to April 30, 1916, with the consent of the Casualty Company. Thereafter the Bliss Company wrote the Casualty Company to the effect that they had canceled the contract because of the Santo Company's default, but added: " We have given them until a week from today to finish up such shell as they have done work on, but we will be unable to accept any shell after that date." The contemporaneous letter to the Santo Company was not an actual notice of rescission. It read: " We really see no other course at the present moment to pursue than to advise you that after one week's time from today, we will be unable to accept any more shell under our contract with the Santo Company." In fact this was not acted upon by any party to the transaction as a rescission. In March the Santo Company was writing and telegraphing for more forgings, and on March twenty-fourth the Bliss Company wrote the Santo Company authorizing them to continue work under the contract until May first, and saying they hoped to be able to give even a further extension; and on April first the Casualty Company was specifically advised that the Santo Company was continuing work under the contract and making regular shipments. It made no objection to this and seems never to have raised this point until the trial. In its letters rejecting the claim there is no suggestion of any such defense. In fact there was neither rescission nor extension of time without consent of the surety. The actual occurrence was that the Bliss Company permitted the Santo Company, which it claimed was in default, to reduce damages by continuing to manufacture after the default.

The appellant urges next that there was a modification of the contract, in that the Santo Company was authorized to anneal the forgings. While this permission was given, it did not constitute a modification of the contract. The Santo Company having experienced difficulty in machining the forgings, wrote on December 24, 1915, asking the Bliss Company to permit it to anneal the forgings. The Bliss Company replied in substance that they might anneal provided they would be responsible for the physical properties of the completed shell. This was nothing more than a statement to the Santo Company that it might machine in any way it chose, provided it lived up to its contract obligation.

The appellant's contention that the bond does not by its terms cover the items of damage is untenable. The three items of damage allowed were the value of forgings which were not returned, failure to repay the advance payment by performance of work, and loss

of profit. All three are clearly embraced within the condition of the bond that the Santo Company " shall well and truly machine-finish " the shrapnel shells.

The exclusion of the proffered evidence that the shrapnel shells had a market value was not error since the measure of damages in this case was loss of profits. The Santo Company was expressly advised that its work was to be done to enable the Bliss Company to perform a contract into which it was about to enter with the Vickers Company. That contract was in fact made immediately after the making of the contract between the Bliss Company and the Santo Company; it was directly within the contemplation of the parties and was constantly referred to in the course of their dealings. Profits were, therefore, recoverable. (*Delafield* v. *Armsby Co.*, 131 App. Div. 572; affd., 199 N. Y. 518.) The referee may have allowed too large a sum for loss of profits. He estimated the loss of profits on the entire contract number of forgings rather than on the number of forgings delivered and not machined. But even if his award were corrected in this respect, the amount of damage shown would still exceed the $50,000 penalty of the bond.

In reference to the contention that the excluded evidence with respect to the commercial character of Russian shrapnel shells and the unmachinability of the forgings actually delivered, would have a bearing upon the responsibility of the Santo Company for its failure to machine, we adopt the reasoning of the learned justice at Special Term. The contract specifically provided that the Santo Company might reject any forgings improperly made or of improper steel. In fact the Santo Company did reject a large number of forgings and the rejection was acquiesced in by the Bliss Company, which replaced them in accordance with the contract. It could not retain these forgings without complaint and then urge as an excuse for not machining them that they were not of the quality called for by the contract. Moreover, we have reached the conclusion that even if this evidence had been admitted, it could not have affected the result. In point of fact, out of 79,537 forgings delivered and not rejected, the Santo Company actually in part machined 79,055. Its contention that the forgings were not machinable necessarily fails in the face of the admitted fact that it did partially machine practically all of them. The final progress report made by the Santo Company to the Bliss Company discloses that the rougher portions of the machining were almost entirely completed by the Santo Company. It failed in performance only when it sought to perform the more delicate final operations on the forgings. It was apparently able to rough-turn and bore the forgings; it was unable to groove and finish-turn them satisfactorily.

For these reasons the order appealed from should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., MERRELL and O'MALLEY, JJ., concur; MARTIN, J., dissents.

MARTIN, J. (dissenting). I dissent upon the ground that on the trial of this cause important material evidence was excluded, the admission of which should bring about a different result.

Order affirmed, with ten dollars costs and disbursements.