STADIUM PICTURES, INC., Appellant, *v.* EDWARD P. WALKER, Professionally Known as " MICKEY " WALKER, Respondent.

First Department, June 8, 1928.

*Rudolph Stand* of counsel [*William Kessler* with him on the brief; *Henry Herzbrun,* attorney], for the appellant.

*Arthur N. Sager,* for the respondent.

PROSKAUER, J.   The defendant, employed under a written contract to render services as the leading actor in the production of a motion picture, was to receive as compensation a percentage of the profits with a guaranteed minimum payment.   Shortly after the making of this agreement, plaintiff contracted with the Madoc Sales Co., Inc., to distribute the pictures for which the defendant had promised to pose.   Plaintiff was to receive $9,000 upon the delivery of each negative.   The distributor was to retain from the first proceeds an amount sufficient to reimburse it for its payment of $9,000 and thereafter pay forty per cent to the plaintiff.   The plaintiff also made a contract with one Sameth by which the latter undertook to produce the pictures in question for the sum of $7,500 for each photoplay, including the minimum payments which the plaintiff was obligated to make to the defendant.   There was evidence to support an inference that the agreement with Sameth was in the contemplation of the parties at the time of the execution of the contract with defendant and that the defendant breached the agreement by refusal to present himself at the designated places for performance.

The trial justice did not, however, resolve these questions of fact because he felt constrained to hold that the contract in suit did not permit plaintiff to delegate its work to some other person or agency and that, therefore, it did not keep itself ready and in a position to do the work called for by it to be done by the terms of the contract.   We do not agree that as a matter of law plaintiff was guilty of an essential breach in making the Sameth agreement.

The evidence as to damage was not fully developed because the court deemed that course unnecessary in view of the determination upon the merits against plaintiff.   The plaintiff's general theory seems to have been that it was entitled to recover the difference between the amount of $7,500, for which Sameth had agreed to produce each picture, and $9,000, the minimum payment to be made by the Madoc Sales Co., Inc., for the distribution of each

picture. We think that a question of fact was raised as to whether the plaintiff was reasonably entitled to recover the profit of $1,500 which it would have realized upon each photoplay. (*Delafield* v. *Armsby Co.*, 131 App. Div. 572; affd., 199 N. Y. 518; *Matter of Casualty Co. of America* [*Bliss Co. Claim*], 222 App. Div. 304, 307.)

The plaintiff also asserted in its bill of particulars the right to recover certain specific expenses to which it had been put in preparation for the performance of the contract. With respect to these items of expenditure we express no opinion since the evidence relating thereto was not fully adduced on the trial.

The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.